UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

F. PAUL AUTERY                                         *  CIVIL NO. 05-0982

VS.                                                              *  JUDGE DOHERTY

SMITHKLINE BEECHAM CORPORATION     *  MAGISTRATE JUDGE HILL

ORDER

Before the court are the plaintiff's Request for Subpoena Duces Tecum and Request for Interrogatories and the defendant's Motion to Strike plaintiff's Request for Interrogatories [rec. docs. 35 and 36].  By his "Requests", *pro se* plaintiff, F. Paul Autery, seeks the issuance of a subpoena *duces tecum* to CVS Pharmacy for production of his son's prescription records, and permission to propound interrogatories to Dr. Nicole LaShawn Dickens, the doctor who allegedly prescribed Paxil for plaintiff's deceased son.  By its Motion, the defendant seeks to strike plaintiff's request that interrogatories be propounded on Dr. Dickens on grounds that interrogatories may not be propounded on a non-party.

Ordinarily, the clerk issues a signed subpoena in blank to the party requesting it, for that party to prepare and serve, or the party's attorney, as an officer of the court, prepares, signs and serves the subpoena.  *See* FRCP 45(a)(3).  However, special rules govern service of process in cases involving in *forma pauperis* plaintiffs like Autery.  In those cases, § 1915 of title 28 provides that the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  In addition, Rule 4 of the Federal Rules of Civil Procedure requires the district court to appoint a person to serve process in *forma paueris* cases.  FRCP 4(c)(2).

Together, these rules permit the court to issue plaintiff's process to a United States Marshall who must in turn effectuate service. *See Jackson v. Brinker,* 1992 WL 404537 (S.D.Ind. 1992); *Estep v. United States,* 251 F.2d 579, 582 (5th Cir.1958) (suggesting that district courts have the implied or inherent power to subpoena witnesses for an indigent civil litigant); *Gibbs v. King,* 779 F.2d 1040, 1047 (5th Cir.), *cert. denied,* 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986) (noting that the district court's exercise of its power to subpoena witnesses for an indigent civil litigant is discretionary); 9A C. Wright & A. Miller, Federal Practice and Procedure § 2454, p. 27 (2d ed.1994). *See also Cornish v. Texas Bd. of Crim. Justice*, 141 Fed.Appx. 298, 300-301 (5th Cir. 2005) *quoting Lindsey v. U.S.R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (regarding service of the summons and complaint by the Marshal in IFP cases).

This is a product liability action seeking damages for the wrongful death of plaintiff's son, Christopher Michael Bodin, who allegedly committed suicide seven days after he stopped taking the defendant's drug, Paxil. Thus, the relevance of the requested prescription records is beyond dispute. Under these circumstances, the Clerk shall be directed to prepare and issue the requested subpoena *duces tecum* and to furnish the subpoenas to the United States Marshal for service.

It is undisputed that Dr. Dickens is not a party to this litigation. Interrogatories may not be directed to non-parties. *See* 8A C. Wright & A. Miller, Federal Practice and Procedure § 2171, p. 275 (2d ed.1994); *Lee v. Walmart*, 2006 WL 2137349 (S.D.Tex. 2006); FRCP 33. Accordingly, the defendant's Motion to Strike will be granted, and the plaintiff's Request for Interrogatories will be dismissed as moot.

Given the above analysis, and the obvious relevance of Dr. Dickens' records regarding her treatment of plaintiff's son, the undersigned will construe plaintiff's current request as a request for a subpoena *duces tecum* to be served on Dr. Dickens for production of plaintiff's son's medical records. Accordingly, the Clerk shall be directed to prepare and issue the requested subpoena *duces tecum* and furnish the subpoenas to the United States Marshall for service. Should plaintiff desire additional discovery from Dr. Dickens, a non-party, plaintiff may notice Dr. Dickens' oral deposition (see FRCP 30), or he may serve on Dr. Dickens a notice for a deposition upon written questions[1] (with the questions attached) (see FRCP 31). Accordingly;

**IT IS ORDERED** that plaintiff's Request for Subpoena Duces Tecum [rec. doc. 35] is **GRANTED.**

**IT IS FURTHER ORDERED** that the defendant's Motion to Strike plaintiff's Request for Interrogatories [rec. doc. 36] is **GRANTED**. Accordingly, plaintiff's Request for Interrogatories is **DISMISSED AS MOOT**.

**THE CLERK IS DIRECTED** to prepare and issue a subpoena duces tecum to CVS Pharmacy, formerly Eckerd's Drug Store, 185 North Lewis Street, New Iberia, Louisiana, 70562, requiring production of pharmacy and prescription records for Christopher Michael Bodin, deceased, D.O.B. 1/25/88, S.S. No. 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, and to Dr. Nicole LaShawn

---

[1] Rule 31 states that an officer is to take responses and prepare the record of depositions upon written questions. However, Rule 29 allows the parties to waive this requirement by agreement. *See Crawford v. U.S. Dept. of Homeland Security*, 2007 WL 2348661 (5th Cir. 2007). Should plaintiff desire to take Dr. Dickens' deposition upon written questions, the undersigned would recommend that plaintiff seek agreement of defense counsel to waive this requirement.

Dickens, 100 Beauvais Avenue, Suite A1, Lafayette, Louisiana, 70507, requiring production of the medical records of Christopher Michael Bodin, deceased, D.O.B. 1/25/88, S.S. No. 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.

**THE CLERK IS FURTHER DIRECTED** to serve these subpoenas through the U.S. Marshal, providing the Marshall with a copy of this Order.

Signed this 12th day of September, 2007, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE