UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| F. PAUL AUTERY | * | CIVIL NO. 05-0982 |
| VS. | * | JUDGE DOHERTY |
| SMITHKLINE BEECHAM CORPORATION | * | MAGISTRATE JUDGE HILL |

REASONS FOR RULING

On June 22, 2009, the undersigned issued a ruling on the plaintiff's Motions to Compel. [rec. docs. 154 and 129, 133]. Plaintiff appealed the undersigned's Order for ruling by District Judge Doherty. [rec. doc. 157]. Thereafter, the defendant, SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), filed a Motion for Clarification in which GSK seeks to "clarify" the undersigned's June 22, 2009 ruling on plaintiff's Motions to Compel. [rec. doc. 159]. Ruling on GSK's Motion was deferred pending disposition of plaintiff's appeal. [rec. doc. 165].

Noting that the original hearing on plaintiff's Motions to Compel was conducted by telephone and that accordingly, there was no transcript of the proceeding, nor were there sufficiently detailed written reasons for ruling, Judge Doherty remanded this matter to the undersigned. [rec. doc. 167]. The undersigned therefore enters these written Reasons for Ruling, taking into consideration the post-ruling pleadings.

The instant action is a product liability action wherein *pro se* plaintiff, F. Paul Autery, seeks damages for the wrongful death of his son, Christopher Michael Bodin, who allegedly committed suicide on December 30, 2003, at the age of 15, seven days

after he stopped taking the defendant's drug, Paxil.[1]

After extensive proceedings, the defendant, GSK, filed a Motion for Summary Judgment. The defendant's Motion does not address the merits of plaintiff's lawsuit, but rather, seeks dismissal based on plaintiff's failure to provide the defendant with an expert report addressing causation prior to the expiration of this court's expert report deadline. [rec. doc. 89].

Thereafter, this court appointed Christopher T. Lee for the limited purpose of filing an appropriate Opposition to the pending Motion for Summary Judgment, based on the record presently before this court, after consultation with Mr. Autery. In fulfilling that role, Mr. Lee was permitted to file motions to compel discovery previously requested by plaintiff, as well as additional discovery, limited solely to that which is needed to reasonably oppose Summary Judgment. [rec. docs. 112 and 125].

During the June 22, 2009 hearing on the plaintiff's Motions to Compel, the undersigned was advised that the parties had resolved the majority of the disputed discovery requests, and the undersigned therefore addressed only those requests which the parties indicated were outstanding. Moreover, on appeal to Judge Doherty and in the pending Motion for Clarification, the parties further limited those items which remained in dispute, namely those items discussed in paragraphs 4, 5 and 7 of the undersigned's prior Ruling. Accordingly, only these items are addressed herein.

---

[1] In his complaint, plaintiff attempts to set forth a wrongful death claim based on the Louisiana Products Liability Act (LPLA). Specifically, plaintiff alleges that Paxil was not approved by the F.D.A. for use in adolescents and that the defendant withheld studies indicating that Paxil offered no benefit to teens and increased the risk of suicide in teens. [rec. doc. 1, ¶ 4, 5 and 7].

2

With respect to plaintiff's request for studies and analyses encompassing discontinuation and/or withdrawal syndrome in pediatric patients[2] which was addressed in paragraph 4 of the undersigned's prior Ruling, the undersigned ordered only production of those studies and analyses "conducted by GSK employees."  On appeal, plaintiff seeks a modification of this court's prior Order to include not only studies conducted or authored by GSK employees, but also those which are in the possession and control of GSK, regardless of who conducted or authored the study or analysis.

Review of the undersigned's notes of the hearing reveals that the undersigned intended production of all responsive studies and analyses within the possession or control of GSK, encompassing discontinuation and/or withdrawal syndrome (or similar terminology) in pediatric patients[3], regarding depression or increase depression, suicide or suicidality, and "emotional lability", as that term is used in connection with coding adverse events to the FDA.  Moreover, this ruling is consistent with the applicable jurisprudence.

Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty. *Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463, *10 (E.D. La.2004) *citing Commerce and Industry Insurance Co. v.*

---

[2]Although the undersigned construed plaintiff's original request as seeking production of documents responsive to the adolescent population, plaintiff has since narrowed his request.  *See* discussion below and fn. 8, *infra*.

[3]Although the undersigned's original Order required production of documents responsive to the adolescent population, plaintiff has since narrowed his request.  *See* discussion below and fn. 8, *infra*.

*Grinnell Corp.,* 2001 WL 96377 * 3 (E.D. La. 2001).  Thus, federal courts have consistently held that documents are deemed to be within the "possession, custody or control" of a party and subject to discovery under Fed.R.Civ.P. 34 if the party "has actual possession, custody or control, or has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a nonparty to the action." *Chesapeake Operating, Inc. v. Stratco Operating Co.*, 2009 WL 426101, *4 (M.D. La. 2009) *citing Monroe's Estate*, 2004 WL 737463, at *10 (E.D. La.2004).  Furthermore, in responding to discovery requests, a party is "charged with knowledge of what its agents know or what is in records available to it." *Id.*

      Here, it appears that the requested studies and analyses are either in the actual possession, custody or control of GSK, or, at a minimum, GSK has the practical ability to obtain the documents from the outside source.  As such, GSK shall produce all responsive studies and analyses within the possession or control of GSK, encompassing discontinuation and/or withdrawal syndrome (or similar terminology) in pediatric patients[4], regarding depression or increase depression, suicide or suicidality, and "emotional lability", as that term is used in connection with coding adverse events to the FDA.

      In paragraph 4 of the original Order, the undersigned denied production of spontaneous adverse event reports.  However, that statement was in reference to those

---

[4]*See* discussion below and fns. 3 and 8, *infra*.

adverse event reports **not** dealing with the discontinuation and/or withdrawal syndrome (or similar terminology) in pediatric patients[5], which was the focus of the discovery request. Clearly, had plaintiff sought all adverse or spontaneous adverse event reports, that request would be overly broad and unduly burdensome. However, plaintiff's request was limited to spontaneous adverse event reports dealing with the discontinuation and/or withdrawal syndrome (or similar terminology) in pediatric patients.[6] This request is clearly relevant and is not overly broad or unduly burdensome. Accordingly, GSK shall produce those adverse and spontaneous adverse event reports of pediatric patients[7], dealing with depression or increase depression, suicide or suicidality, and "emotional lability", as that term is used in connection with coding adverse events to the FDA.

In so ruling, the undersigned notes that this request is within the scope of permissible discovery contemplated by the court at this stage of the proceeding. While GSK argues that these reports cannot be used by plaintiff to establish causation to defeat its pending Motion for Summary Judgment, that argument goes to the admissibility of the documents with respect to the merits of the Motion, not the discoverability of the requested documents. In the context of the instant discovery Motions, the undersigned cannot find that the requested documents are not relevant, or that they are not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed.R.Civ.P. 26(b)(1).

---

[5]*See* discussion below and fns. 3 and 8, *infra*.

[6]*See* discussion below and fns. 2 and 8, *infra*

[7]*See* discussion below and fns. 3 and 8, *infra*

It appears that the issues pertaining to paragraph 5 of the undersigned's prior Order have been rendered moot by GSK's production of all of the articles listed by GSK in its Initial and Supplemental Disclosures. Nevertheless, for these same reasons set forth above, with respect to paragraph 5 of the undersigned's prior Order, to the extent not already produced, GSK shall produce all articles listed by GSK in its Initial and Supplemental Disclosures, regardless of who authored the article, as it is clear that these articles are either in the actual possession, custody or control of GSK, or, at a minimum, GSK has the practical ability to obtain the documents from the outside source. *See Monroe's Estate* and *Chesapeake Operating, Inc., supra.*

The undersigned notes that GSK has not established that these requests are unduly burdensome or overly broad. *See SSL Services, LLC v. Citrix Systems, Inc.*, 2010 WL 547478, *2 (E.D. Tex. 2010) (citations omitted) (noting that if the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted). Indeed, the opposite is true, given that plaintiff has now substantially narrowed his requests to only those documents dealing with the pediatric population, which he has defined as those patients under the age of 18[8], and only those documents dealing with the discontinuation and/or withdrawal syndrome.

---

[8] Although the undersigned's original Order required production of documents responsive to the adolescent population, plaintiff has since narrowed his request. In his Motion for Clarification, plaintiff alleges that "young adults", which the court understands as adolescents, are categorized as persons aged between 18 and 24. *See* rec. doc. 155. Thus, the court understands that the pediatric population, about whom the plaintiff seeks discovery, are persons under the age of 18.

6

However, given plaintiff's complaint that GSK has already produced hundreds of documents which are not limited to this specific inquiry, GSK shall provide plaintiff with a list of all studies, analyses and articles responsive to plaintiff's narrowed requests.

Finally, with respect to paragraph 7 of the undersigned's prior Order, GSK need not produce any information regarding marketing or post-marketing data. Plaintiff has failed to demonstrate how this data is relevant to his claim, or more specifically at this juncture, his Opposition to the pending Motion for Summary Judgement, or how this data is reasonably calculated to lead to the discovery of admissible evidence, or evidence which may defeat the pending Motion for Summary Judgement. *See* Fed.R.Civ.P. 26(b)(1). Accordingly, discovery of this information is denied.

However, as noted by GSK in its Motion for Clarification [rec. doc. 159], this Order is not intended to preclude the production ordered in paragraph 4 of the undersigned's prior ruling. Accordingly, to the extent that any requested marketing or post-marketing data is necessarily also responsive to those documents ordered in paragraph 4 of the undersigned's prior ruling, as modified and more fully explained above, those documents shall be produced.

Signed this 13th day of April, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

7